IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 89 MR WCM

| | |
|---|---|
| JENNIFER HINYUB, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>AA RECOVERY SOLUTIONS, INC., )<br>)<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the Court on Plaintiff's Motion for a Judgment Debtor Exam (the "Motion," Doc. 13).

## I. Background

On April 15, 2020, Plaintiff Jennifer Hinyub ("Plaintiff") initiated this action against Defendant AA Recovery Solutions, Inc ("Defendant"). Doc. 1. Plaintiff's Complaint asserted claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and the North Carolina Collection Agency Act, N.C. Gen. State. § 58-70, et seq. ("NCCAA"). Id. at 1.

On October 5, 2020, the Honorable Martin Reidinger, Chief United States District Judge, entered a Memorandum of Decision and Order granting Plaintiff's Motion for Default Judgment and directing that Plaintiff have and recover of Defendant a judgment of $1,000 pursuant to 15 U.S.C. § 1692k(b)(1), and a judgment of $4,000 pursuant to N.C. Gen. Stat. § 58-70-130(b)(1), for a

1

total judgment of $5,000. Doc. 11, pp. 19-20. The District Court also ordered that Plaintiff have and recover $3,635 in attorneys' fees and $450 in costs. Id. at p. 20. A separate judgment ("Judgment") was entered that same day. Doc. 12.

On October 6, 2020, Plaintiff filed the instant Motion. Doc. 13. The deadline for Defendant to respond to the Motion was October 20, 2020.

II. Discussion

Plaintiff asserts that Defendant has failed to satisfy the Judgment and requests permission to conduct a judgment debtor examination of Defendant's President, Secretary, and Treasurer, Tracy L. Pickell, to identify assets that may be available to satisfy the Judgment.

Rule 62(a) of the Federal Rules of Civil Procedure provides as follows:

> Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

> Fed. R. Civ. P. 62

Also applicable is Rule 69(a), which states in part:

> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

2

> (2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69

Here, Plaintiff's Motion appears to recognize that the period during which execution of the Judgment is stayed has not yet expired. However, the Motion does not provide authorities recognizing that an examination of the judgment debtor would be appropriate at this juncture. No federal authorities finding that such discovery is appropriate under Rule 69 have been submitted. Similarly, N.C.G.S. § 1-352, by its terms, allows for an examination of a debtor "when an execution . . . is returned wholly or partially unsatisfied." N.C. Gen. Stat. Ann. § 1-352; Massey v. Cates, 2 N.C. App. 162, 164, 162 S.E.2d 589, 591 (1968)("Article 31 provides for supplemental proceedings, equitable in nature, after execution against a judgment debtor is returned unsatisfied to aid creditors to reach property of every kind subject to the payment of debts which cannot be reached by the ordinary process of execution. These proceedings are available only after execution is attempted."); accord Zurich American Insurance Co. v. Staffing Concepts National Inc., No. 8:14-cv-775, 2017 WL 4518662, at * 1 (M.D. Fl. Oct. 10, 2017) ("Following the automatic stay, a

3

Case 1:20-cv-00089-MR-WCM   Document 14   Filed 10/27/20   Page 3 of 4

judgment creditor, in aid of the judgment or execution, is permitted to "obtain discovery …." ) (citing FRCP 69).

Under these circumstances, the Plaintiff's Motion for a Judgment Debtor Examination (Doc. 13) is **DENIED WITHOUT PREJUDICE**.

It is so ordered.

Signed: October 26, 2020

W. Carleton Metcalf
United States Magistrate Judge