IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 89 MR WCM

| | | |
|---|---|---|
| JENNIFER HINYUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| AA RECOVERY SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Second Motion for a Judgment Debtor Examination (the "Motion," Doc. 15).

I. **Procedural History**

On October 5, 2020, the presiding district judge, the Honorable Martin Reidinger, entered a Memorandum of Decision and Order granting Plaintiff's Motion for Default Judgment and directing that Plaintiff have and recover of Defendant a judgment of $1,000 pursuant to 15 U.S.C. § 1692k(b)(1), and a judgment of $4,000 pursuant to N.C. Gen. Stat. § 58-70-130(b)(1), for a total judgment of $5,000. Doc. 11 at 19-20. The District Court also ordered that Plaintiff have and recover $3,635 in attorneys' fees and $450 in costs. Id. at 20. A separate judgment ("Judgment") was entered that same day. Doc. 12.

On October 6, 2020, Plaintiff filed a Motion for a Judgment Debtor Examination. Doc. 13. Defendant did not respond.

On October 27, 2020, the undersigned entered an Order denying Plaintiff's request without prejudice. Doc. 14.

## II. Discussion

In her current Motion, Plaintiff asserts that the Judgment remains unsatisfied and renews her request to conduct a judgment debtor examination of Tracy L. Pickell, who is the President, Secretary, and Treasurer of Defendant. Defendant has not responded to the Motion.

Rule 69(a) of the Federal Rules of Civil Procedure provides:

> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69.

In addition, N.C. G.S. § 1-352 states:

> When an execution against property of a judgment debtor, or any one of several debtors in the same judgment, issued to the sheriff of the county where he resides or has a place of business, or if he does not reside in the State, to the sheriff of the county where a judgment roll or a transcript of a judgment is filed,

is returned wholly or partially unsatisfied, the judgment creditor at any time after the return, and within three years from the time of issuing the execution, is entitled to an order from the court to which the execution is returned or from the judge thereof, requiring such debtor to appear and answer concerning his property before such court or judge, at a time and place specified in the order, within the county to which the execution was issued.

N.C. Gen. Stat. Ann. § 1-352.

As noted in the undersigned's prior Order, N.C.G.S. § 1-352 allows for an examination of a debtor only "when an execution . . . is returned wholly or partially unsatisfied." N.C. Gen. Stat. Ann. § 1-352; Massey v. Cates, 2 N.C. App. 162, 164, 162 S.E.2d 589, 591 (1968)("Article 31 provides for supplemental proceedings, equitable in nature, after execution against a judgment debtor is returned unsatisfied to aid creditors to reach property of every kind subject to the payment of debts which cannot be reached by the ordinary process of execution. These proceedings are available only after execution is attempted.").

In this case, however, the docket does not indicate that a writ of execution has been issued and Plaintiff has provided no authorities supporting the proposition that the examination of a judgment debtor may be ordered before execution has been attempted. Consequently, Plaintiff's Motion is premature and will be denied without prejudice.

Should Plaintiff wish to make additional motions in this regard, before making such filings her counsel is directed to review the appropriate provisions

of North Carolina law as well as the public information concerning execution proceedings that appears on the Forms section of the website for this district.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Second Motion for a Judgment Debtor Examination (Doc. 15) is **DENIED WITHOUT PREJUDICE**.

Signed: April 29, 2021

W. Carleton Metcalf
United States Magistrate Judge